IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE, NASHVILLE DIVISION

| | |
|---|---|
| GARY KEY | ) |
| Plaintiff, | ) CASE NO. |
| vs. | ) JURY DEMAND |
| ABF FREIGHT SYSTEM, INC., | ) 3-14 1648 |
| Defendant. | ) |

## COMPLAINT

Comes now the Plaintiff, Gary Key, complaining of the acts of Defendant, ABF Freight System, Inc. ("ABF") would allege and show unto this Honorable Court as follows:

### I. PARTIES

1. Plaintiff Gary Key is a citizen and resident of the State of Mississippi.

2. Defendant ABF is and was at all times relevant to the allegations of the Complaint a corporation organized and existing pursuant to the laws of the State of Delaware with its principal place of business located at 3801 Old Greenwood Road in Fort Smith, Arkansas and may be served process by delivering a copy of the Summons and Complaint to its registered agent for service of process, Corporation Service Company, 2800 Poston Avenue, Nashville, Tennessee, 37203-1312.

### II. JURISDICTION AND VENUE

3. This Honorable Court has jurisdiction over the Plaintiff's claims pursuant to 28 U.S.C. § 1332(a)(1) because this suit is between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Plaintiff is a citizen and

1

resident of the State of Mississippi and the Defendant ABF is a citizen of the state where it is incorporated (Delaware) and where it has its principal place of business (Arkansas).

4. This Court has personal jurisdiction over the Defendant ABF because it regularly transacts business within the State of Tennessee and the acts or omissions which form the basis of this complaint occurred within this state.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial portion of the events or omissions that form the basis of this complaint occurred in this district.

### III. RELEVANT FACTS

6. At all times relevant to the allegations of this complaint, Plaintiff was the operator of a 2007 Volvo tractor bearing Indiana license number P566975.

7. On or about November 1, 2013, at approximately 1:40 p.m., Plaintiff was traveling generally in an easterly direction on Interstate I-40 in Dickson County, Tennessee.

8. As a result of traffic conditions then and there existing on Interstate I-40, Plaintiff slowly brought his tractor-trailer to a complete stop.

9. Soon after stopping, another tractor-trailer being driven by Frank Zupancic, came to a complete stop behind the rig being operated by plaintiff.

10. At about the same time, William P. Slate was the operator of Defendant ABF's 2011 Mack tractor (VIN # 1m1AW01X9BM002470) pulling double trailers bearing Oklahoma license plate number 2PU362 traveling generally in an easterly direction on Interstate I-40 in Dickson County, Tennessee.

11. At all times relevant to the allegations of this complaint, William P. Slate was an employee of Defendant ABF acting in the course and scope of his employment with Defendant ABF and operating for the benefit of Defendant ABF. Specifically, William P. Slate was

2

transporting freight in the tractor-trailer owned by Defendant ABF that he was driving at the time of the collision that is the subject of this litigation.

12. As Mr. Slate was an agent, servant, and/or employee of Defendant ABF, operating in the course and scope of his employment at the time of the collision that is the subject of this litigation, Defendant ABF is liable for his actions under the doctrine of *respondent superior.*

13. After Plaintiff had stopped his tractor-trailer for the traffic conditions that existed on Interstate I-40, Defendant's employee, agent or servant, William P. Slate, was approaching from behind the Plaintiff and the tractor-trailer rig operated by Frank Zupancic at a rapid rate of speed.

14. Defendant ABF's employee, agent and servant failed to pay attention to the traffic conditions then and there existing and continued proceeding rapidly toward the aforementioned stopped rigs until he crashed into the rear of the vehicle being driven by Frank Zupancic.

15. The collision was of such great force and magnitude that it caused Mr. Zupancic's tractor-trailer vehicle to crash into the rig being operated by Gary E. Key, which was directly in front of him, and thereby, causing severe damage to all of the tractor-trailers involved in the collision.

16. William P. Slate died as a result of injuries sustained in the collision that is the subject of this litigation, which was witnessed by Plaintiff.

17. As a direct result of the crash, the Plaintiff has suffered severe and painful personal injuries, including but not limited to neck and back injury, involuntary upper extremity muscle contractions, post-traumatic stress disorder, anxiety, and nightmares.

3

18. Defendant owed Plaintiff a duty to properly control and maintain its vehicle and to insure that his vehicle was operated in a reasonable, prudent, and safe manner so as not to cause a collision, damage, or injury to the Plaintiff.

19. At the time of the collision that is the subject of this litigation, Defendant ABF was the registered owner of the vehicle driven by William P. Slate within the State of Tennessee. At the time of the collision that is the subject of this litigation, William P. Slate was operating the 2011 Mack tractor with the authority, consent, and knowledge of Defendant ABF. William P. Slate's negligence is imputed to Defendant ABF under principles of agency and bailment and under the presumptions set forth at Tenn. Code Ann. § 55-10-311.

20. Defendant has breached its duty to the Plaintiff and was negligent, careless, reckless, and grossly negligent at the time and place above mentioned in the following particulars:

    a. In failing to properly train, supervise and monitor the driving of its employe-driver, William P. Slate.

    b. In failing to maintain a proper look-out ahead for vehicles lawfully traveling on the roadway;

    c. In operating a motor vehicle at an excessive or dangerous rate of speed;

    d. In not using all due care and caution in the operation of is motor vehicle, which was required under all circumstances existing at the time and place of the incident;

    e. In failing to properly maintain their vehicles;

    f. In following too closely under the circumstance then and there existing;

    g. In failing to keep their vehicles in proper or reasonable control;

    h. In failing to maintain a due and proper lookout while operating a vehicle;

    i. In operating their vehicle in a dangerous and unsafe manner; and

    j. In striking the vehicle operated by the Plaintiff.

4

21. Defendant was negligent *per se* in violating the traffic laws of the State of Tennessee which were in full force and effect at the time of the accident as follows:

    a. T.C.A. 55-8-124, <u>Following too closely</u>. The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicles and the traffic upon and the condition of the highway.

    b. T.C.A. 55-8-136, <u>Due care</u>. Notwithstanding any speed limit or zone in effect at the time, or right of way rules that may be applicable, every driver of a motor vehicle shall exercise due care to avoid colliding with any other motor vehicle, either being driven or legally parked, upon any roadway, or any road sign, guard rail or any fixed object legally placed within or beside the roadway right of way, by operating such motor vehicle at a safe speed, by maintaining a safe lookout, by keeping such motor vehicle under proper control and by devoting full time and attention to operating such motor vehicle, under the existing circumstances to avoid endangering life, limb or property.

    c. T.C.A. 55-10-301, <u>Prima facie evidence of ownership of automobile and use in owner's business</u>. In all actions for injury to persons and/or to property caused by the negligent operation or use of any automobile, auto truck, motorcycle, or other motor propelled vehicle within this state, proof of ownership of such vehicle, shall be prima facie evidence that said vehicle at the time of the cause of action sued on was being operated and used in the very transaction out of which said injury or cause of action arose, and such evidence that said vehicle was then and there being operated by the owner, or by the owner's servant, for the owner's use and benefit and within the course and scope of his employment. . . .

    d. T.C.A. 55-10-311, <u>Prima facie evidence of ownership of automobile and use in owner's business</u>. In all actions for injury to persons and/or to property caused by the negligent operation or use of any automobile, auto truck, motorcycle, or other propelled vehicle within this state, proof of ownership of such vehicle shall be prima facie evidence that the vehicle at the time of the cause of action sued upon was being operated and used with the authority, consent and knowledge of the owner in the very transaction out of which the injury or cause of action arose, and such proof of ownership likewise shall be prima facie evidence that the vehicle was then and there being operated by the owner or by the owner's servant for the owner's use and benefit and within the course and scope of the servant's employment.

    e. T.C.A. 55-10-312, <u>Registration prima facie evidence of ownership and that operation was for owner's benefit</u>. Proof of the registration of said motor propelled vehicle in the name of any person, shall be prima facie

5

Case 3:14-cv-01648 Document 1 Filed 08/12/14 Page 5 of 6 PageID #: 5

> evidence of ownership of said motor propelled vehicle by the person in whose name said vehicle is registered; and such proof of registration shall likewise be prima facie evidence that said vehicle was then and there being operated by the owner or by the owner's servant for the owner's use and benefit and within the course and scope of employment.

22. Defendant was negligent *per se* in violating the minimum safety standards established by the Federal Motor Carrier Safety Regulations (FMCFR), either directly or as adopted by the Tennessee Department of Transportation Safety Rules and Regulations § 1340-6-1-.20 and pursuant to Tenn. Code Ann. §§ 65-2-102 and 65-15- 113.

23. As direct and proximate result of the Defendants' negligence, carelessness, recklessness, negligence *per se*, and gross negligence, Plaintiff has sustained severe personal injuries, causing Plaintiff to incur medical bills, tremendous pain and suffering, anxiety and mental suffering, loss of wages and earning capacity, and loss of enjoyment of life, all of which Plaintiff has incurred and will continue to incur in the future.

WHEREFORE, Plaintiff seeks compensatory damages in an amount not less than One Million Two Hundred Fifty Thousand Dollars ($1,250,000.00) for the severe personal injuries and other damages that he has suffered as a result of the negligence of the Defendant, a jury of six (6) to hear this case, prejudgment interest, costs of this action, discretionary costs and for such other and further relief as this court deems just and proper.

Respectfully submitted this 12th day of August, 2014.

Charles Abbott #10876
Attorney for Plaintiff
2951 Jim Warren Rd.
Spring Hill, TN 37174
(615) 693-7661
cabbottlaw@yahoo.com

6